1  Floyd W. Bybee, #012651
   **FLOYD W. BYBEE, PLLC**
2  2473 S. Higley Road
   Suite 104, #308
3  Gilbert, Arizona 85297
   Office:  (480) 756-8822
4  Fax: (480) 756-8882
   floyd@bybeelaw.com
5
   Attorney for Plaintiff
6

7              **UNITED STATES DISTRICT COURT**

8                 **DISTRICT OF ARIZONA**

9  _____
                                  )
10 **Steven Ramar,**              )  No.
   an individual;                 )
11                                )
                                  )
12     Plaintiff,                 )           **COMPLAINT**
                                  )
13 v.                             )
                                  )
14 **Alan H. Zimmerman, P.C.,**   )
   an Arizona corporation;        )
15 **Alan H. Zimmerman;**         )
                                  )
16     Defendants.                )      (Jury Trial Demanded)
                                  )
17 _____)

18     Plaintiff, Steven Ramar, by and through counsel

19 undersigned, and in good faith, alleges as follows:

20              **I.  PRELIMINARY STATEMENT**

21 1.   Plaintiff brings this action for damages based upon

22     Defendants' violations of the Fair Debt Collection

23     Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter

24     "FDCPA").  In the course of attempting to collect a

25     debt allegedly owed by Plaintiff, Defendants engaged

26     in deceptive, unfair and / or abusive debt collection

practices in violation of the FDCPA.   Plaintiff accordingly seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.   STATUTORY STRUCTURE OF FDCPA.

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.   Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.   FDCPA § 1692a(5).

6.   The FDCPA defines "debt collector' as  any person who
     uses any instrumentality of interstate commerce or the
     mails in any business the principal purpose of which
     is the collection  of any debts, or who regularly
     collects or attempts to collect, directly or
     indirectly, debts owed or due or asserted to be owed
     or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the
     provisions of the FDCPA is liable for any actual
     damage sustained; statutory damages up to $1,000;
     attorney's fees as determined by the Court and costs
     of the action. FDCPA § 1692k.

### III.   JURISDICTION

8.   Jurisdiction of this Court, over this action and the
     parties herein, arises under 15 U.S.C. §1692k(d)
     (FDCPA), and 28 U.S.C. §1337.  Venue lies in the
     Phoenix Division of the District of Arizona as
     Plaintiff's claims arose from acts of the Defendant
     perpetrated therein.

### IV.   PARTIES

9.   Plaintiff is a citizen of Maricopa County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer
     debt and is a "consumer" as defined by FDCPA
     §1692a(3).

11.  Defendant Alan H. Zimmerman, P.C. (hereinafter
     "Zimmerman P.C.") is an Arizona professional

1    corporation.

2    12.  Zimmerman P.C. regularly collects or attempts to

3         collect debts owed or asserted to be owed or due

4         another and is a "debt collector" as defined by FDCPA

5         §1692a(6).

6    13.  Defendant Alan H. Zimmerman (hereinafter "Zimmerman")

7         is a licensed attorney.

8    14.  Zimmerman regularly collects or attempts to collect

9         debts owed or asserted to be owed or due another and

10        is a "debt collector" as defined by FDCPA §1692a(6).

11   15.  At all times relevant herein, Zimmerman was the sole

12        owner of Zimmerman P.C., and was responsible for its

13        day to day operations.

14                   **V.   FACTUAL ALLEGATIONS**

15   16.  Plaintiff entered into an apartment lease agreement

16        with Papago Gardens.

17   17.  Papago Gardens later claimed Plaintiff had breached

18        the lease agreement and subsequently obtained a

19        judgment in its favor.

20   18.  Papago Garden's judgment was entered on September 27,

21        2004 in the amount of $1,136.52, plus interest at 10%.

22   19.  Papago Gardens assigned the collection of the judgment

23        to U.S. Collections West, Inc., a local collection

24        agency.

25   20.  In or about February 2006, U.S. Collections West, Inc.

26        hired Zimmerman P.C. and Zimmerman to assist it in the

- 4 -

1     collection of the judgment.

2  21.  In February 2006, a letter dated February 27, 2006 on

3        Zimmerman P.C. letterhead was sent to Plaintiff

4        concerning the Papago Gardens judgment.  (A copy of

5        said letter is attached hereto and incorporated herein

6        as Exhibit A).

7  22.  Exhibit A represented that it had been prepared by

8        Zimmerman P.C. and signed by Zimmerman, and was the

9        initial letter from Zimmerman P.C. and Zimmerman.

10 23.  Exhibit A contained the following representations

11       concerning the Papago Gardens Judgment:

12              JUDGMENT BALANCE          $1,302.10
                INTEREST BALANCE              0.00
13              INTEREST RATE % PER ANNUM      10%
                BALANCE DUE ON JUDGMENT   $1,302.10
14

15 24.  Exhibit A also contained the statement that:

16              THIS IS A FORMAL NOTICE THAT A
            JUDGMENT HAS BEEN ENTERED AGAINST YOU.
17
                PURSUANT TO A.R.S. 12-1598.03,
18          DEMAND IS HEREBY MADE UPON YOU FOR
            PAYMENT OF THE JUDGMENT BALANCE OF $
19          $1,302.10 [sic] OR A PAYMENT EACH AND
            EVERY PAYDAY OF 25% OF THE NON-EXEMPT
20          PORTION OF YOUR WAGES COMMENCING WITHIN
            FIFTEEN (15) DAYS OF THE DATE OF THIS
21          LETTER AND CONTINUING UNTIL THE JUDGMENT
            BALANCE PLUS INTEREST HAS BEEN PAID IN
22          FULL.

23 25.  Exhibit A also contained the verification / validation

24       notice as required by the FDCPA, 15 U.S.C. § 1692g.

25 26.  After receipt of Exhibit A, on March 10, 2006

26       Plaintiff sent a letter to Zimmerman P.C. and

- 5 -

1    Zimmerman setting forth a proposed re-payment schedule

2    to satisfy the Papago Gardens judgment.

3 27. Thereafter, Zimmerman mailed Plaintiff, through

4    counsel, a revised "initial" letter dated March 20,

5    2006 purporting to correct Exhibit A's representations

6    of the judgment.  (A copy of said letter is attached

7    hereto and incorporated herein as Exhibit B).

8 28. Exhibit B contained the following representations

9    concerning the Papago Gardens Judgment:

10               JUDGMENT BALANCE          $1,136.52
                 INTEREST BALANCE             165.58
11               INTEREST RATE % PER ANNUM      10%
                 BALANCE DUE ON JUDGMENT   $1,302.10
12

13 29. Exhibit B also contained the statement that:

14               THIS IS A FORMAL NOTICE THAT A
                 JUDGMENT HAS BEEN ENTERED AGAINST YOU.
15
                 PURSUANT TO A.R.S. 12-1598.03,
16          DEMAND IS HEREBY MADE UPON YOU FOR
            PAYMENT OF THE JUDGMENT BALANCE OF $
17          $1,302.10 [sic] OR A PAYMENT EACH AND
            EVERY PAYDAY OF 25% OF THE NON-EXEMPT
18          PORTION OF YOUR WAGES COMMENCING WITHIN
            FIFTEEN (15) DAYS OF THE DATE OF THIS
19          LETTER AND CONTINUING UNTIL THE JUDGMENT
            BALANCE PLUS INTEREST HAS BEEN PAID IN
20          FULL.

21 30. Defendants failed to comply with the FDCPA

22    requirement, 15 U.S.C. § 1692g(a)(1), that the debt

23    collector send a written notice containing an accurate

24    statement of amount of the debt.

25 31. Exhibit A and/or Exhibit B overshadows or contradicts

26    the verification / validation notice required by the

1     FDCPA, 15 U.S.C. § 1692g.

2  32.  Upon information and belief, Exhibit A in its

3      completed form was not reviewed by Zimmerman prior to

4      mailing to Plaintiff.

5  33.  As a result and proximate cause of Defendants'

6      actions, Plaintiff has suffered actual damages,

7      including, but not limited to, emotional distress.

8  34.  Defendants' actions were intentional, willful, and in

9      gross or reckless disregard of Plaintiff's rights and

10     part of its persistent and routine practice of debt

11     collection.

12 35.  In the alternative, Defendants' actions were

13     negligent.

14             **VI.   CAUSES OF ACTION**

15         **a.   Fair Debt Collection Practices Act**

16 36.  Plaintiff repeats, re-alleges, and incorporates by

17     reference the foregoing paragraphs.

18 37.  Defendants' violations of the FDCPA include, but are

19     not necessarily limited to, 15 U.S.C. §§1692e,

20     1692e(2)(A), 1692e(2), 1692e(10), and 1692g.

21 38.  As a direct result and proximate cause of Defendants'

22     violations of the FDCPA, Plaintiff has suffered actual

23     damages for which Defendants are liable.

24           **VII.   DEMAND FOR JURY TRIAL**

25     Plaintiff hereby demands a jury trial on all issues so

26 triable.

1

## VIII.  PRAYER FOR RELIEF

2      WHEREFORE, Plaintiff requests that judgment be entered

3   against Defendants for:

4      a)   Statutory damages of $1,000 pursuant to §1692k;

5      b)   Actual damages in an amount to be determined at

6           trial;

7      c)   Costs and reasonable attorney's fees pursuant to

8           §1692k; and

9      d)   Such other relief as may be just and proper.

10

11     DATED    August 31, 2006   .

12                              **FLOYD W. BYBEE, PLLC**

13

14                               s/ Floyd W. Bybee
                                Floyd W. Bybee, #012651
15                              2473 S. Higley Road
                                Suite 104, #308
16                              Gilbert, Arizona 85297
                                Office:  (480) 756-8822
17                              Fax: (480) 756-8882
                                floyd@bybeelaw.com
18
                                Attorney for Plaintiff
19

20

21

22

23

24

25

26